# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Joeziel Joey Vazquez father
Of E.J.V.T D.O.B 1/24/2013
on behalf of himself and
Others similarly situated
Parents with paternity and
or parentage determination.
**Plaintiff,**

     v.                                        Case No. 3:20-cv-05219

Chief Justice Stuart Rabner in his official capacity;
Mercer County presiding family
Court Judge Catherine M. Fitzpatrick;
New Jersey Dept
Of Human Services; New Jersey
Commissioner of Child
Support Services; Secretary United       **Declaratory & Injunctive Relief**
States Department of State;                         Amended Complaint
NJ Office of Child Support
Services;. New Jersey
DCPP, Jane Doe (Child Support
Official in New Jersey);
Judge Patrick Bartels;
Judge Hughes;
Neterra Ali mother of
Of E.J.V.T D.O.B 1/24/2013
**Defendants,**
_____

# AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Joeziel Joey Vazquez, pro-se, brings this civil action for declaratory and injunctive relief, and alleges as follows:

## Pre Introduction

Plaintiff, Joeziel Joey Vazquez, brings this action to cure an extreme and unbelievably unfair injustice that has happened to him with regards to his son who will be named solely by initials to protect him and his privacy, unless ordered to print his name in further filings. Plaintiffs son EJVT DOB 1/24/13, is currently in the care of his Mother Neterra Ali. There is currently a custody case pending in the Superior Court of New Jersey Mercer County. Mother Currently has an active bench warrant issued for her arrest out of Philadelphia County for failure to appear in a criminal case where she was charged for violation of a PFA order. When the child was born he went to live with his father Joeziel Joey Vazquez. Father secured a custody order out of Bucks County family court in Pennsylvania. After father was granted custody, Bucks County Children and Youth got involved with father and the child based off of false allegations that mother made about father. Bucks County Children and Youth filed a Shelter Care petition and removed the child from fathers care. After months of hearings and multiple witnesses including neonatal nurses from Abington Hospital. It was determined by the Honorable Judge Baldi that the allegations were false and unfounded. Judge Baldi issued a custody order which granted father primary custody and mother partial custody. After several visits the mother continued to violate the order and hold the child and refused to give the child to the

father. Father filed for contempt and the custody order was modified. Mother unhappy with the order went to Philadelphia County and filed for custody, paternity, and contempt. In Philadelphia the Honorable judge Holly Ford issued an order denying moms contempt petition and establishing paternity, as well as slightly altering the custody order issued in Bucks County, giving mom the last weekend of every month and companionship visits via Skype every other day. In March 2015 father was incarcerated and paternal grandmother started to take care of the child and follow the custody order. On or about May 2017 during mothers visitation she decided that the child will remain with her and she never filed a relocation petition or filed for any type of custody. Father was released from County jail in January 2018. Father immediately contacted mother with no response. Father filed a petition to enforce the previously entered order. Mother refused to appear in Philadelphia although she was served by detective Sinclair of Philadelphia to appear. Fast Forward to 2020. Mother filed for a paternity test against father in New Jersey. New Jersey refuses to give full faith and credit to the paternity decision according to the full faith and credit clause of the US Constitution and the full faith and credit law. Mother has advised father in various formats including text messages that the Judge in our case regarding custody and paternity is a "Client" of hers. She has advised plaintiff that the judge will not enforce the custody order or the paternity order because she has an ongoing relationship with him. Her business-client relationship with the judge is that of an "Escort-John". Mother has shown father several text and pictures between her and the Judge. Father does not seek to have the federal court intervene in a custody battle. Rather father/plaintiff request a declaratory judgement/order which outlines the following:

   A. The Paternity order issued in Pennsylvania is entitled full faith and credit according to the United States Constitution, unless and until mother pleads and proves that the paternity order entered in Pennsylvania was entered in violation of her due process rights;

   B. Any judge who has had a prior or ongoing relationship with mother who does not

recuse himself violates plaintiffs due process rights;

C. Paternity determinations issued in other states are to be accorded full faith and credit under the United States Constitution

## INTRODUCTION

1. In this action plaintiff seeks a declaration, that the State of New Jersey and the agencies in charge of enforcing paternity determinations within the State of New Jersey (collectively defendants), ordering that out of state paternity determinations and or parentage determinations issued in accordance and with the full protection of due process, are entitled full faith and credit as demanded by the United States Constitution;

2. A more individualized declaration that the paternity determination issued in Pennsylvania, by the Honorable Judge Holly Ford is entitled full faith and credit and may only be challenged according to Pennsylvania law;

3. Plaintiff and his son have been painstakingly separated and unable to enjoy their constitutionally protected right to a parent child relationship, because his mother a frequent forum shopper, has moved him to the State of New Jersey in violation of a duly entered court order. In New Jersey mother, and defendant Neterra Ali has successfully interfered with Plaintiff's constitutional rights to parent his child, by forum shopping and asking yet another court to determine paternity after two previous courts in different jurisdictions already ruled on the issue of paternity.

4. The defendants have gone as far as denying the plaintiff father the right to pay child support to his minor child.

## Parties

### Plaintiff

5. Joeziel Joey Vazquez, Father to under age child, initials E.J.V.T DOB 1/24/2013.

**Defendants**

6. New Jersey Supreme Court, is the supervisory authority which must make sure that Superior Court family and Probation Divisions of Mercer County act in accordance with State and Federal law and mandates including that of the US Constitution.

7. "New Jersey Department of Human Services (NJDHS)" is according to www.njchildsupport.org (Last visited on 7/5/2020 at 4:12pm) in charge of the "process" and "manage[ment]" of "support under title IV-D Child Support program; See Also www.State.NJ.US/corrections/PDF/OTS/FRARA/ChildSupport/child%20support.pdf

8. "NJ Division of Family Development" is according to www.njchildsupport.org (Last visited on 7/5/2020 at 4:12pm) in charge of the "process" and "manage[ment]" of "support under title IV-D Child Support program; See Also www.State.NJ.US/corrections/PDF/OTS/FRARA/ChildSupport/child%20support.pdf 9.

"Superior Court family and Probation Divisions of Mercer County" is according to www.njchildsupport.org (Last visited on 7/5/2020 at 4:12pm) in charge of the "process" and "manage[ment]" of "support under title IV-D Child Support program; See Also www.State.NJ.US/corrections/PDF/OTS/FRARA/ChildSupport/child%20support.pdf 10. "Mercer County presiding family Court Judge Catherine M. Fitzpatrick" who is responsible to manage and oversee Mercer County Family Court. According to New Jersey's Rules, and Statute the presiding judge shall "supervise" the functions of the court and ensure that they operate according to law; 11. "New Jersey Commissioner of Child Support Services" in in charge of overseeing the implementation of Title IV-D Child Support Program. Additionally in charge of running the statewide child support program.

12. "Secretary United States Department of State" in charge of the administration of 42 U.S.C. § 666;

13. "New Jersey DCPP" in charge of investigating allegations of abuse and informing the parents of the children the outcome of such allegations;

14. Jane Doe (Child Support Official in New Jersey), which advised plaintiff that he had no right to provide support for his minor child who resides or resided in New Jersey, and that a Court order establishing paternity (From Pennsylvania) is not entitled full faith and credit according to Pennsylvania's laws, but that New Jersey has to establish paternity first with moms consent in order for the New Jersey Child Support Office to accept that plaintiff is childs father;

15. "Neterra Ali" mother plaintiffs son EJVT;

16. Honorable Judge Hughes, was at a time a family court judge who had a professional sexual relationship with Defendant Neterra Ali;

16B: Honorable Judge Patrick Bartels is the new sitting family court judge who is also ordering paternity testing and refusing to give full faith and credit to a paternity determination issued in Pennsylvania;

## JURISDICTION AND VENUE

17. The court has jurisdiction over the subject matter of this action under 28 U.S. Code § 1331,1343(a)(3), 1346, 1361 and 42 U.S. Code § 1983.
18. Venue is proper in the District of New Jersey under 28 U.S. Code § 1391(b) because defendants reside within the district of New Jersey and because substantial part of the acts or omissions giving rise to this complaint arose from events occurring within this district.
19. The court has authority to provide the relief requested under 28 U.S. Code § 1651, 2201,2202, 42 U.S. Code § 1983, as well as its inherent equitable powers.

## Count One

(Violation of Plaintiff's parenting rights)

20. All defendants have violated Plaintiff's constitutional right to parent his child, by refusing to give full faith and credit to the paternity determination issued by two separate courts in Pennsylvania.
21. Defendant Neterra Ali has frequently forum shopped at several jurisdictions to seek a more favorable outcome in her quest to end a relationship between plaintiff and their child E.J.V.T.
22. At all times defendant Neterra Ali and a judge from New Jersey Superior Court conspired to interfere in plaintiffs' exercise of his parental rights.

## Count Two

(Violation of the Full Faith and Credit Clause)

23. As codified in 28 U.S.C. § 1738, federal law demands full faith and credit for records and judicial proceeding of any court in any state. Section 1738 reads, in pertinent part:

    The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

    Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

24. The Philadelphia Pennsylvania order issued by the Honorable Judge Holly Ford is attached to this complaint as Exhibit "A"

25. On or about 1/26/2013 Defendant Neterra Ali and Plaintiff Joeziel J Vazquez signed a paternity affidavit in Montgomery County Pennsylvania at Abington Memorial Hospital, which was the subject of litigation in the year 2014 at a Bucks County Dependency hearing, and with a Federal Civil Subpoena plaintiff will obtain a certified copy of said paternity affidavit filed with the Pennsylvania Department of Health;

26. Defendant, New Jersey Judiciary, has no straight forward rule, statute, or ordinance to effectuate Full Faith and Credit to Paternity Determinations issued by sister states. Because there exist no clear rule, statute, or ordinance Judges in this jurisdiction issue varying decisions regarding Full Faith and Credit.

27. Two separate judges in the New Jersey Judiciary have refused to acknowledge and give full faith and credit to the duly entered paternity determinations, which were entered by (1) Bucks County Family Court in Pennsylvania; and (2) Philadelphia Family Court in Pennsylvania.

28. In the New Jersey Judiciary there exist a custom and or practice of ignoring paternity and or parentage decisions entered in favor of gay parents, under the guise of promoting and protecting New Jersey's parenting policy.

29. New Jersey child support defendants refuse to allow defendant to pay child support to his child because "a new jersey court has not issued its own paternity order" (Jane Doe child support officials statement)

30. New Jersey DCPP refuses to give full faith and credit to the parentage determination issued in Pennsylvania and refuses to provide Plaintiff with any information regarding the outcome of its investigation into abuse allegations as required by state law.

## Count Three
(Violation of the 14th Amendment)

31. Defendants violated plaintiffs due process rights to have finality in the issue of paternity.

32. Child Support Defendants violate the equal protection clause of the United States constitution by treating him differently then they would a female once a gay female has been declared a parent even if she didnt give birth to the child but her same sex partner did.

33. New Jersey DCPP violated Plaintiffs due process rights by not keeping him informed of its investigation as required by law.

34. Judiciary defendants violate plaintiffs 14th Amendment rights by having a policy and or custom of ignoring a gay parents paternity determination. 35. Defendants are violating Plaintiffs 14th Amendment rights by refusing to accept, file, and give full faith and credit to his paternity order issued by the Honorable Judge Holly Ford of Philadelphia Family Court.

36. Defendants violated plaintiffs due process rights by refusing to accept a duly

entered paternity order for the sole reason of having a sexual relationship with a party in the case.

37. Defendants have failed to allow plaintiff to litigate child custody issues until he submits to a DNA test to confirm or deny paternity, and this is a violation of his Constitutional rights as he has been declared the father by a sister state and he has the right to litigate child custody and parenting time.

38. Plaintiff hopes this court read his complaint liberally and interpret in his favor what he seeks, which is ultimately to stop the challenging of paternity which has been litigated in on 3 separate occasions by 3 separate judges and is now being litigated again in another jurisdiction and the paternity determination is being ignored and not afforded full faith and credit according to federal law and the US Constitution.

WHEREFORE, Plaintiff respectfully request that this Honorable Court issue the following relief: (1)a declaration, that the State of New Jersey and the agencies in charge of enforcing paternity determinations within the State of New Jersey (collectively defendants), ordering that out of state paternity determinations and or parentage determinations issued in accordance and with the full protection of due process, are entitled full faith and credit as demanded by the United States Constitution; (2)A more individualized declaration that the paternity determination issued in Pennsylvania, by the Honorable Judge Holly Ford is entitled full faith and credit and may only be challenged according to Pennsylvania law; (3) a declaration stating that the actions of Judge Hughes in having a sexual relationship with Neterra Ali and continuing to oversee the custody matter of Plaintiff was a violation of plaintiff's due process rights; (4) A declaration stating that not allowing father to litigate his parenting time before submitting to DNA testing is a violation of his constitutional parenting rights.

4/18/2021                                                              /S/ Joeziel Joey Vazquez