NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOEZIEL JOEY VAZQUEZ,

        Plaintiff,

v.

NEW JERSEY SUPREME COURT, In Their Supervisory Role of the New Jersey Judiciary, et al.,

        Defendants.

Case No. 3:20-cv-5219 (BRM)(LHG)

OPINION

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Joeziel Joey Vazquez's ("Plaintiff") Amended Complaint (ECF No. 11) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1916).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

I. **LEGAL STANDARD**

The Court must dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[S]ubject matter jurisdiction is non-waivable" and "courts have an independent obligation to satisfy themselves of jurisdiction." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). "The party asserting jurisdiction," in this case, Plaintiff, "bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel—Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Plaintiff attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331, which provides jurisdiction for "civil actions arising under" federal law. Federal question jurisdiction may arise in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Even if the cause of action is based on state law, there is a "special and small category of cases in which [federal question] jurisdiction still lies." *Id.* (internal quotation marks omitted). The analysis provided in the Supreme Court's opinion in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005), supplies the jurisdictional basis: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing the factors set forth in *Grable*). Although a domestic relations exception has not been formally recognized for federal-question jurisdiction, the District of New Jersey has on previous occasions refused to

entertain cases in which plaintiffs couch their domestic claims in actions ostensibly for violations of federal constitutional rights. *Brookins v. Whatley*, No. 17-1644, 2017 WL 3710064, at *2 (D.N.J. Aug. 28, 2017) ("[A]lthough Plaintiff has clothed her complaint in the garb of a civil rights action, her Complaint boils down to a demand to regain custody of her children.") (citation omitted); *Zirkind v. New York*, No. 07-5602, 2008 WL 199473, at *1 (D.N.J. Jan. 18, 2008) ("[A]lthough couched as [a federal] action . . . the Amended Complaint plainly seeks to void or overturn adverse rulings entered in the child support litigation.") Even if the United States Constitution is invoked in the complaint, "if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction." *Daisey v. N.J. Div. of Child Prot. & Permanency*, No. 15-8091, 2016 WL 3512068, at *2 (D.N.J. 2016).

## II. DECISION

On April 20, 2021, Plaintiff filed his Amended Complaint against defendants Neterra Ali, Patrick Bartels, Catherine M. Fitzpatrick, Judge Hughes, Jane Doe, New Jersey Commissioner of Child Support Services, New Jersey DCPP, New Jersey Department of Human Services, New Jersey Department of Public Welfare, New Jersey Supreme Court, New Jersey Office of Child Support Services, Chief Justice Stuart Rabner, United States Secretary of State, and The State of New Jersey (collectively, "Defendants"). (ECF No. 11). Plaintiff alleges: (1) violation of Plaintiff's parenting rights; (2) violation of the Full Faith and Credit Clause; and (3) violation of the Fourteenth Amendment of the United States Constitution. *Id.*

Plaintiff argues that his constitutional rights have been infringed as a result of Defendants' refusal to give full faith and credit to the paternity determination reached in Plaintiff's favor in Pennsylvania, and as such, he seeks a declaration ordering that out-of-state paternity determinations are entitled full faith and credit according to the United States Constitution. *Id.* at

9. Plaintiff also seeks an "individualized declaration" that the paternity determination issued in Pennsylvania is entitled full faith and credit, as well as a declaration stating that his parenting rights have been violated by the refusal to allow him to litigate before submitting to DNA testing. *Id.*

While Plaintiff asserts the cause of action is created by federal law, this action "boils down to a demand to regain custody of [his child]." *Zirkind*, 2008 WL 199473, at *1. Although this is not an attempt by Plaintiff to void or overturn an adverse child custody ruling, Plaintiff nevertheless seeks to enforce a child custody ruling, a quintessentially state law issue, through resort to the United States Constitution. As child custody is a matter of domestic relations, the District of New Jersey does not retain jurisdiction. *Daisey*, 2016 WL 3512068, at *3 ("Issues relating to child custody generally fall under the umbrella of 'domestic relations,' and the Supreme Court has long noted state tribunals' 'special proficiency' . . . in the area.") (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1331. For these reasons, the Court cannot reach Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 10) and it is **ADMINSTRATIVELY TERMINATED**. Plaintiff has 30 days to file an amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

**Date: July 2, 2021**                 */s/ Brian R. Martinotti*
                                                   HON. BRIAN R. MARTINOTTI
                                                   UNITED STATES DISTRICT JUDGE